UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VICTOR L. JORDAN,

    Plaintiff,

    v.      CAUSE NO. 3:23-CV-452-PPS-MGG

E. LONG, et al.,

    Defendants.

OPINION AND ORDER

Victor L. Jordan, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Jordan alleges that, on April 10, 2023, he was voluntarily in an Emergency Restraining Chair (ERC) for reasons he does not explain in his complaint. He told Deputy E. Long that he needed to use the restroom. Deputy Long ignored him and he urinated on himself. Jordan told Deputy Long that he had urinated on himself, and he was again ignored. Jordan says he sat in urine for a long period of time, although he does not offer any estimate of how long. Instead of releasing Jordan from the ERC,

Deputy Long cut Jordan's boxers off with scissors. In the process, Deputy Long allegedly touched Jordan's private area,[1] and Jordan felt violated. Jordan expressed this to Deputy Long and suggested he get a supervisor. He did not. Deputy Long mopped up the urine and left Jordan in the chair. Jordan believes he should have been removed from the chair so it could be cleaned. Instead, Deputy Long draped a blanket over his private area. In doing so, Deputy Long allegedly touched Jordan's private area again. Jordan was mad and removed the blanket. Deputy Long then smashed down on Jordan's fingers, got in is face, and tried to force the blanket on him while still touching his groin. He then bent Jordan's fingers to try to remove the blanket from Jordan's hand. Jordan's hand was swollen and his right ring finger was out of place after the incident.

The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Deference is given to prison officials when the use of force involves security measures taken to quell a disturbance because "significant risks to the safety of inmates and prison staff" can be involved. *McCottrell v. White*, 933 F.3d 651, 663 (7th Cir. 2019) (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates,

---

[1] Jordan does not provide any specific information regarding the alleged touching.

2

the amount of force used, and the extent of the injury suffered by the prisoner. *Hendrickson*, 589 F.3d at 890. Giving Jordan the benefit of the inferences he is entitled to at this stage of the proceedings, I find that he has stated a claim against Deputy Long for excessive use of force on April 10, 2023.

"An unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the 'force' exerted by the assailant is significant." *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012). While recognizing that some limitations regarding necessary touching apply to prisoners, the court noted:

> [a] judgment of imprisonment strips a prisoner of that right to be let alone, and many other interests as well. Custodians must be able to handle, sometimes manhandle, their charges, if a building crammed with disgruntled people who disdain authority (that's how the prisoners came to be there, after all) is to be manageable. . . . . [However, s]exual offenses forcible or not are unlikely to cause so little harm as to be adjudged *de minimis*, that is, too trivial to justify the provision of a legal remedy. They tend rather to cause significant distress and often lasting psychological harm.

*Id*. at 643. Here, the alleged touching – which is not described in any detail - appears to be incidental to the removal of Jordan's wet boxers and attempts to cover Jordan with a blanket. While the contact made Jordan uncomfortable, nothing in the complaint permits an inference that it was either designed to humiliate or sexual in nature. Therefore, I will not permit Jordan to proceed on this claim.

Following the encounter with Deputy Long, Jordan saw a medical provider, x-rays were taken, and he was told nothing was broken. He has repeatedly complained

3

about pain and requested a second opinion. He reports that he has now been told that he will see a specialist, but he is unhappy with the delay.

Jordan has sued Dr. Tchapet, but he does not reference Dr. Tchapet by name in the body of his complaint. It is unclear how Dr. Tchapet was involved in the events described in the complaint. To the extent that Jordan is suing Dr. Tchapet as a supervisor, there is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. The amended complaint does not allege that Dr. Tchapet was personally involved in the incident that Jordan describes in his complaint, and Jordan therefore cannot proceed against Dr. Tchapet.

Jordan also sued Quality Correctional Care ("QCC"), the private company that provided health care services to LaPorte County Jail inmates. A private company may be held liable for constitutional violations when it performs a State function. *West v. Atkins*, 487 U.S. 42 (1988). A private company providing medical care in a prison performs a State function and can be held liable under the standard established in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (abrogated on other grounds) (*Monell* framework applies to private company providing medical care at correctional facility). But a corporation "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* Jordan has not

4

identified a policy that led to a violation of his constitutional rights, and he therefore cannot proceed against QCC.

For these reasons, the court:

(1) GRANTS Victor L. Jordan leave to proceed against Deputy E. Long in his individual capacity for compensatory and punitive damages for using excessive force against him by smashing his fingers while he was restrained in an ERC on April 10, 2023, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Dr. Tchapet and Quality Correctional Care;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Deputy E. Long at LaPorte County Sheriff's Department, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the LaPorte County Sheriff to provide the full name, date of birth, and last known home address of the defendant if he does not waive service and it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Deputy E. Long to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

ENTERED:  October 12, 2023.

          /s/   Philip P. Simon
          PHILIP P. SIMON, JUDGE
          UNITED STATES DISTRICT COURT