UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VICTOR L. JORDAN,

      Plaintiff,

      v.                                      CAUSE NO. 3:23-cv-452-PPS

E. LONG,

      Defendant.

OPINION AND ORDER

Victor L. Jordan, a prisoner without a lawyer, is proceeding in this case against Deputy E. Long in his individual capacity for compensatory and punitive damages for using excessive force against him by smashing his fingers while he was restrained in an emergency restraint chair ("ERC") on April 10, 2023, in violation of the Fourteenth Amendment.[1] ECF 11 at 5. On April 23, 2024, Deputy Long filed a motion for summary judgment. ECF 23. With the motion, Deputy Long provided Jordan the notice required by N.D. Ind. L.R. 56-1(f). ECF 26. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to

---

[1] In the screening order, I granted Jordan leave to proceed against defendant Deputy E. Long for violating his Eighth Amendment rights. ECF 11 at 5. However, because the defendant now provides evidence Jordan was incarcerated in the LaPorte County Jail as a pretrial detainee at the time of the alleged constitutional violation, his claim must be analyzed under the Fourteenth Amendment rather than the Eighth Amendment. ECF 24 at 4; *see Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). The defendant's summary judgment motion applies the correct standard.

evidence supporting each dispute of fact. This deadline passed over five months ago, but Jordan has not responded. Therefore I will now rule on Deputy Long's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must show that "the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used,

the extent of any injuries the plaintiff suffered, the severity of the security problem, the threat the officer reasonably perceived, and whether the plaintiff was actively resisting. *Id.* at 397.

Deputy Long provides affidavits from himself (ECF 24-1), Deputy Kathryn Minich (ECF 24-2), and Deputy Tiffany Davis (ECF 24-3), which show the following facts:[2] Around 2:00 p.m. on April 10, 2023, Deputy Minich escorted a nurse to Jordan so she could evaluate him at the jail. ECF 24-2 at 1. As Deputy Minich and the nurse approached Jordan, he appeared tense and angry, had his fists clenched, and began yelling at the nurse. *Id.* The nurse determined she could not assess Jordan at that time because of safety concerns. *Id.* Deputy Minich and Deputy Hildebrandt attempted to deescalate the situation, and Jordan made numerous requests to be placed into an ERC. *Id.* at 1-2. Jordan continued to yell threats and walk away from Deputy Minich and Deputy Hildebrandt. *Id.* at 2. Jordan took off his sandals and socks and stated he was going to get naked. *Id.* Deputy Hildebrandt then placed Jordan in handcuffs and they escorted Jordan to the segregation unit and placed him in an ERC. *Id.* Jordan stated he was going to urinate in the chair and on everything. *Id.*

Around 4:00 p.m., Deputy Long and Deputy Davis made an observational check of the segregation unit and checked on Jordan in the ERC. ECF 24-3 at 1. When they arrived in the segregation unit's dayroom, they found Jordan screaming and violently

---

[2] Because Jordan did not respond to Deputy Long's summary judgment motion, I accept these attestations as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . .").

3

moving around in the ERC. *Id.* They noticed that Jordan had urinated all over himself and there was a puddle of urine under the chair. *Id.* at 1-2. Deputy Davis attempted to perform a "capillary check" on Jordan but he repeatedly said not to touch him. *Id.* at 2. Deputy Davis and Deputy Long exited the cell block, then returned shortly thereafter to clean the puddle of urine that Jordan had created. *Id.* at 2; ECF 24-1 at 1. While Deputy Davis mopped up the puddle of urine, Deputy Long cut off Jordan's soiled boxers with scissors. *Id.* Deputy Long attempted to place a blanket over Jordan's lap, but Jordan thrashed around and grabbed the blanket. ECF 24-1 at 1. Because Jordan was thrashing around so violently, Deputy Long applied chains to the ERC so that Jordan could not move the chair or flip it over. *Id.* at 2. While Deputy Long was putting on the chains, Jordan headbutted him. *Id.*

Around 4:15 p.m., Deputy Long and Deputy Davis reentered the cellblock to check on Jordan and found that he had removed the blanket and his genitals were exposed. ECF 24-1 at 2. Deputy Long attempted to replace the blanket, but Jordan resisted and grabbed at the blanket. *Id.* While Deputy Long was pulling the blanket from Jordan's grasp, he used his right hand to pull Jordan's fingers open so he would release the blanket. *Id.* Jordan attempted once again to headbutt Deputy Long, but he missed. *Id.* Jordan then spit on Deputy Long four times, so Deputy Davis applied a spit mask to Jordan. *Id.*; ECF 24-3 at 2. Throughout the rest of his shift, Deputy Long continued to check on Jordan and Jordan continued to make threats on Deputy Long's life. ECF 24-1 at 2.

4

Here, there's no evidence by which a reasonable jury could conclude Deputy Long used objectively unreasonable force against Jordan by "smashing his fingers" while he was restrained in the ERC. Specifically, it's undisputed Jordan resisted Deputy Long's attempts to place a blanket over him by grabbing at the blanket, and Deputy Long used one hand to pull Jordan's fingers open so he would release the blanket. Based on the undisputed evidence in the record, it's clear that Deputy Long's use of force was necessary to restore order and overcome Jordan's active resistance, and there's no evidence Deputy Long used more force than was necessary to remove the blanket from Jordan's grasp. *See Kingsley*, 576 U.S. at 397. Because there's no evidence by which a reasonable jury could conclude Deputy Long used an objectively unreasonable amount of force against Jordan, summary judgment is warranted in favor of Deputy Long.

For these reasons, the court:

(1) GRANTS Deputy Long's motion for summary judgment (ECF 23); and

(2) DIRECTS the clerk to enter judgment in favor of Deputy Long and against Victor L. Jordan and to CLOSE this case.

ENTERED:  December 17, 2024.

 /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT